IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC WRIGHT, on behalf of himself and others similarly situated, | : : : : | CIVIL ACTION |
| | : : | ELECTRONICALLY FILED |
| Plaintiff, | : : | ON APRIL 5, 2016 |
| v. | : : | |
| | : : | NON-JURY TRIAL |
| CENERGY INTERNATIONAL SERVICES, LLC, | : : : | |
| Defendant. | : : | |

## **COMPLAINT – CLASS/COLLECTIVE ACTION**

Isaac Wright ("Plaintiff") brings this lawsuit against Cenergy International Services, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Rule 23 class action claims may proceed together in same lawsuit).

## **JURISDICTION AND VENUE**

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. §

216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiff is an individual residing in Coudersport, Pennsylvania (Potter County).

5.    Plaintiff is an employee covered by the FLSA and the PMWA.

6.    Defendant is a corporation headquartered in Houston, Texas and registered to do business in Pennsylvania, and regularly conducting business within this judicial district.

7.    Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8.    Defendant provides various services at natural gas drilling sites within this judicial district and beyond.

9.    Plaintiff was employed by Defendant from approximately August 2015 until approximately January 2016.

10.    During Plaintiff's employment, Defendant paid Plaintiff a fixed amount for each workday.

11.    During the three-year time period relevant to this lawsuit,

Defendant employed at least 50 other individuals who, like Plaintiff, were paid a fixed amount for each workday.

12.    Plaintiff and these other employees regularly worked over 40 hours per week during weeks that they were assigned work.  For example, Plaintiff worked at least 132 hours during the two-week payroll period ending October 16, 2015 and worked at least 144 hours during the two-week payroll period ending November 27, 2015.

13.    Defendant did not pay Plaintiff and these other employees any extra overtime premium compensation for their overtime hours.

14.    By failing to pay the overtime premium, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals who, during any time within the past three years, were employed by Defendant and paid, in whole or in part, a fixed amount for each workday.

16.    Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated

decisional law.

17.    Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all individuals who, during any time within the past three years, were employed by Defendant in Pennsylvania and paid, in whole or in part, a fixed amount for each workday.

18.    Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19.    The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

20.    Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

21.    Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

22.    Questions of law and fact are common to all class members,

because, *inter alia,* this action concerns Defendant's companywide pay policies, as summarized herein.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

23.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

<u>**COUNT I**</u>
**(Alleging FLSA Violations)**

24.    All previous paragraphs are incorporated as though fully set forth herein.

25.    The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

26.    Defendant violated the FLSA by failing to pay Plaintiff and other members of the FLSA collective any overtime premium for hours worked over 40 per week, and such violation was undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging PMWA Violations)

27.     All previous paragraphs are incorporated as though fully set forth herein.

28.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

29.     Defendant violated the PMWA by failing to pay Plaintiff and other class members any overtime premium for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class and collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages (under FLSA only);

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as this Court deems just and proper.

Date:  April 5, 2016                    Respectfully,

                                        /s/ Mark J. Gottesfeld
                                        Peter Winebrake
                                        R. Andrew Santillo
                                        Mark J. Gottesfeld
                                        Winebrake & Santillo, LLC
                                        715 Twining Road, Suite 211
                                        Dresher, PA 19025
                                        (215) 884-2491
                                        mgottesfeld@winebrakelaw.com